UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BLAISE BELLARD, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. G-10-124 |
| | § | |
| JP MORGAN CHASE BANK, N.A., *et al*, | § | |
| | § | |
|     Defendants. | § | |

## **MEMORANDUM AND OPINION**

Pending before the Court is the defendants' motion to dismiss, or, in the alternative, motion for more definite statement. *See* Docket Entry # 3. Although the time for submission of a response to the defendants' motion has passed, the plaintiffs did not file a response. Having reviewed the defendants' motion, the submissions of the parties, the pleadings, and the applicable law, the Court finds that the defendants' motion should be granted in part and denied in part for the reasons set forth below.

### I.    Background

The plaintiffs obtained a mortgage loan secured by the real property located at 2257 River Valley Drive, West Columbia, Texas 77486 ("Property"). They contend that the loan was acquired by the defendant, JP Morgan Chase and that it foreclosed on the Property despite assurances that the loan modification was being processed and foreclosure would not occur. As a result of the foreclosure, the plaintiffs filed this case against defendants asserting causes of action for fraud and fraudulent misrepresentation, negligent misrepresentation, conversion, intentional infliction of emotional distress, violations of the Texas Debt Collection Practices Act, wrongful repossession, and breach of fiduciary duty. They seek to rescind the foreclosure sale through a declaration giving them title and possession of the Property.

## II.     Analysis

### A.     Standard of Review

Federal Rule of Civil Procedure 8(a) requires a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). A Rule 12(b)(6) motion must be read in conjunction with Rule 8(a). Hence, a court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Recently, the Supreme Court elaborated on the pleading standard, explaining that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___U.S. ___, 129 S. Ct. 1937, 1949 (May 19, 2009) (citing *Twombly*, 550 U.S. at 556). The Rule 8 pleading standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e). *See* FED. R. CIV. P. 12(e). Further, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be

appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). A district court is given considerable discretion in deciding whether to grant a motion under Rule 12(e).

### B. <u>Dismissal</u>

#### 1. <u>Conversion</u>

In their original petition, the plaintiffs assert a cause of action against the defendants for conversion of the real property located at 2257 River Valley Drive, West Columbia, Texas 77486. *See* Docket Entry #1, Exh. 3, at ¶¶ 18-19. Under Texas law, the tort of conversion only applies to the taking of personal property. There is no cause of action for conversion of real property. *See Lucio v. John G. & Marie Stella Kennedy Mem'l Found.*, 298 S.W.3d 663, 672 (Tex. App.—Corpus Christi 2009, pet. denied); *Lighthouse Church of Cloverleaf v. Texas Bank*, 889 S.W.2d 595, 599 n.4 (Tex. App.—Houston [14th Dist.]1994, writ denied). Consequently, dismissal of the plaintiffs' claim for conversion is warranted.

#### 2. <u>Breach of Fiduciary Duty</u>

In paragraphs 40-44 of their original petition, the plaintiffs claim that the defendants breached a fiduciary duty that was created by application of section 9.626 of the Texas Business & Commerce Code. As an initial matter, Article 9 of the UCC does not apply to the creation or transfer of a security interest in real property. *See* TEX. BUS. & COM. CODE ANN. § 9.109(d)(11); *see also Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp.2d 176, 192 (S.D. Tex. 2007); *Kimsey v. Burgin*, 806 S.W.2d 571, 576 (Tex. App.—San Antonio 1991, writ denied). Additionally, the long-standing principal that there is no fiduciary duty between a lender and a borrower has been applied in the context of foreclosure. *See Williams*, 504 F. Supp.2d at 182, 192. Because Texas law does not recognize a fiduciary duty under the circumstances pled by the plaintiffs, the plaintiffs' claims for breach of fiduciary duty must be dismissed.

### C. <u>More Definite Statement</u>

With regard to the plaintiffs' remaining claims, the plaintiffs' allegations fall short of the requisite pleading requirements. Thus, on or before **May 28, 2010**, the plaintiffs shall file an amended complaint identifying the following: (1) the specific factual allegations against each of the defendants rather than generic global pleading "defendants," incorporating specific acts, omissions or representations that were taken or made by each defendant; (2) any misrepresentations were made by each defendant; (3) identify who made such misrepresentation; (4) when such misrepresentation was made; (5) the contents of the misrepresentation; and (6) what each defendant received by way of the misrepresentation.

### III. <u>Conclusion</u>

Accordingly, the defendants' motion to dismiss, or, in the alternative, motion for more definite statement (Docket Entry # 3) is granted in part and denied in part. The motion to dismiss is granted as to the plaintiffs' claims for conversion and breach of fiduciary duty. The motion for more definite statement is granted as to the plaintiff's remaining claims. The plaintiffs' amended complaint shall be filed on or before **May 28, 2010**. Failing to comply with this Court's order may lead to dismissal of this action.

SIGNED at Houston, Texas this 14th day of May, 2010.

_____
**Kenneth M. Hoyt**
**United States District Judge**